IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. and JEANNE P. PORTANTE, Husband and Wife, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WINDBER BOROUGH, WINDBER )<br>BOROUGH POLICE DEPARTMENT, )<br>WINDBER BOROUGH COUNCIL, )<br>WINDBER BOROUGH MAYOR, SGT. )<br>RICHARD SKILES, EDWARD PORADO, )<br>JOHN RICE, OFFICER STANTON )<br>WALLS, KAREN HUGYA )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:2007-123<br><br><br><br><br>JUDGE GIBSON |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This case comes before the Court on Defendant Officer Stanton Walls' (Walls) Motion for More Definite Statement Pursuant to Rule 12(e) (Document No. 3); Defendants Windber Borough, Windber Borough Police Department, Windber Borough Council, Windber Borough Mayor, Sergeant Richard Skiles (Skiles), Edward Porado (Porado), and John Rice's (Rice) (collectively "Windber Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) and Alternative Motion for More Definite Statement Pursuant to Rule 12(e) (Document No. 5); and Defendant Officer Karen Hugya's (Hugya) Motion for More Definite Statement Pursuant to Rule 12(e) (Document No. 13). For the reasons stated herein, Defendants' Rule 12(e) motions are granted and Windber Defendants' Rule 12(b)(6) motion is granted in part and denied in part.

## JURISDICTION

This Court has personal jurisdiction over the parties and also possesses subject matter jurisdiction over the federal questions arising in this matter by virtue of 28 U.S.C. § 1331. Venue is proper in accordance with 28 U.S.C. § 1391(b).

## ANALYSIS

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

> the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.

*Jordan v. Fox, Rothschild, O'Brien, & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v, Twombly*, __ U.S. __, 1275 S.Ct. 1955, 1969, 167 L.Ed.2d 929, 945 (2007) (citations omitted). In considering a motion to dismiss, the Court is not deciding the issue of whether a "plaintiff will ultimately prevail" but is deciding if the plaintiff "is entitled to offer evidence to support [his] claims". *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997) (citation omitted); *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996). Documents filed *pro se* are to be especially liberally construed because a *pro se* litigant's pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081, 1086 (2007) (citations omitted).

2

Federal Rule of Civil Procedure 8(a) calls for only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007) (citation omitted).

Although the Complaint in the present case does not specifically state the basis in law for Plaintiffs' claims, it appears that the Plaintiffs are proceeding under 42 U.S.C. § 1983[1]. The Defendants' motions are also based on § 1983, so this Court will proceed under the assumption that the Plaintiffs are bringing an action under § 1983.

Windber Defendants correctly state that the Windber Borough Police Department and the Windber Borough City Council are not entities amenable to § 1983 suits separate from Windber Borough. Document No. 5, p. 3; *Johnson v. City of Erie, Pa.*, 834 F.Supp. 873, 878-79 (W.D.Pa. 1993) (sub-units of the city government are "improper and unnecessary" parties). The naming of the Police Department and City Council are therefore redundant, and those Defendants are dismissed from the action with prejudice.

Windber Defendants also correctly state that the Complaint includes no allegations or theories of liability with respect to Jeanne Portante. Document No. 5, p. 5. She will similarly be dismissed from the action, but she will be dismissed without prejudice so that the remaining Plaintiff may amend the complaint to include missing allegations of fact or theories of liability in

---

[1] Plaintiff brings claims for False Arrest, Excessive Force, and Failure to Intervene, which are all causes of action under § 1983. Complaint ¶¶ 5-7.

3

accordance with *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007).

Additionally, Windber Defendants argue that Windber Borough should be dismissed from the action because a municipality cannot be held liable for the acts of its agents under a respondeat superior or vicarious liability theory. Document No. 5, p. 3-4 (citing *Monell v. Dept. of Soc. Servs. New York City*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611, 636 (1978)). However, "municipalities and other local government units are included among those persons to whom § 1983 applies." *Monell*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611, 635. The municipality can be held liable if its agents were acting pursuant to an official policy or a governmental custom. *Id.* at 690-91, 98 S.Ct. at 2035-36, 56 L.Ed.2d at 635-36.

> The Supreme Court has recognized that "under certain circumstances," a municipality may be liable under § 1983 for a failure to adequately train its police officers. *City of Canton v. Harris*, 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The first question in any case alleging municipal liability for a failure to train is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* at 385. Furthermore, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388.

*Brown v. Commw. of Pa. Dept of Health Emergency Medical Services Training Institute*, 318 F.3d 473, 482 (3d Cir. 2003). "A City's failure to train its police officers must reflect a deliberate or conscious choice by policy making officials, such that one could call it the City's policy or custom." *Grazier ex. rel. White v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003). Plaintiff sets forth facts which are sufficiently specific to maintain a § 1983 action against the municipality

4

for failure to train. Complaint ¶¶ 8-12 (failures by Windber Borough to adopt needed policies and procedures). Defendant Windber Borough will therefore not be dismissed from this action.

Finally, Windber Defendants state that the Complaint is not sufficiently specific to support the Plaintiff's claims against Defendants Windber Borough Mayor, Skiles, Porado, and Rice. Document No. 5, pp. 4-5. The Supreme Court has held that there is no heightened pleading requirement in civil rights suits against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517, 524 (1993). The Court of Appeals for the Third Circuit has since recognized that § 1983 actions are sufficiently plead if they satisfy the requirements of "the standards of notice pleading." *Abbot v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998); *see also Fletcher*, 482 F.3d at 252 (identifying *Abbot* as the Third Circuit's adoption of *Leatherman* and the "demise of the heightened pleading requirement").

Federal Rule of Civil Procedure 8(a) requires that any complaint must provide "fair notice of [the] claims...and the grounds upon which they rest." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1, 10 (2002) (citation omitted). In the case *sub judice*, Plaintiff merely names Defendants Windber Borough Mayor, Skiles, Porado, and Rice in the Complaint without alleging that the Defendants did anything actionable under § 1983. Complaint ¶¶ 2, 3. As such, these Defendants move for the dismissal of the claims against them. Document No. 5, pp. 2-3, 4-5. The Complaint most certainly fails to provide the Defendants with sufficient notice of the grounds upon which the Plaintiff's claims rest; therefore, they are unable to file a response because Defendants (and this Court) cannot determine what it is Plaintiff alleges the

5

Defendants did. However, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1, 10. The Motion to Dismiss currently under consideration includes an Alternative Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) which will be granted. The Plaintiff shall provide a more definite pleading in an amended complaint as to his claims against Defendants Windber Borough Mayor, Skiles, Porado, and Rice.

Similarly, Defendants Walls and Hugya have filed Rule 12(e) motions claiming the Complaint is too vague and that they are unable to file a responsive pleading. Document No. 3, p. 2; Document No. 13, p.3. The Court notes that the Complaint fails to allege any specific acts or omissions on the part of either Walls or Hugya, so their Motions are also granted for the reasons set forth in the above analysis.

An appropriate Order follows.

**AND NOW,** this 3rd day of August, 2007, after consideration of Windber Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement (Document No. 5) and Defendant Walls and Hugya's Motions for More Definite Statement (Document Nos. 3 and 13), and in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that

1. Windber Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE with respect to Windber Borough Police Department and Windber Borough City Council and is GRANTED WITHOUT PREJUDICE with respect to Jeanne Portante.

2. Windber Defendants' Motion to Dismiss is DENIED with respect to Windber Borough, Windber Borough Mayor, Skiles, Porado, and Rice.

3. Windber Defendants and Defendants Walls and Hugya's separate Motions for More Definite Statement are GRANTED.

IT IS FURTHER ORDERED, in accordance with Federal Rule of Civil Procedure 12(e), and in accordance with *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247 (3d Cir. 2007) that the Plaintiff shall amend the complaint, setting forth facts specific enough to provide the Defendants with notice of the grounds for Plaintiff's causes of action, including the identities of responsible parties and the specific acts or omissions of each, within twenty (20) days of this order; if the Plaintiff chooses to amend to include allegations regarding Jeanne Portante, such amendments shall also be made within twenty (20) days of this order.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**